UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORDAN ZITO, | Case No.: 3:25-cv-00394-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-, 1-2, 1-3 |
| PRITCHETT EYE CARE ASSOCIATES, | |
| Defendant | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF Nos. 1-1, 1-2). He also filed a document objecting to the involvement of a magistrate judge in this action. (ECF No. 1-3.)

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Plaintiff's Complaint**

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-2 at 1.)

Preliminarily, Plaintiff captions his complaint as "State of Nevada in relation to Jordan Zito v. State of Nevada in relation to Pritchett Eye Care Associates." Neither has the State of Nevada brought this lawsuit nor do the facts alleged reveal any basis for the state to be involved as a defendant in this matter at all, much less on behalf of a private, non-governmental entity. Accordingly, the court construes the complaint as simply between Plaintiff, Jordan Zito, and Defendant, Pritchett Eye Care Associates.

Much of the complaint is unintelligible, but it appears that Plaintiff is alleging that Defendant required him to pay for a retinal exam separate from the annual eye exam that is covered by his health care plan. He also alleges Defendant refused to repair or replace damaged glasses, which his health plan covers. Plaintiff alleges that requiring him to pay the extra fee for the retinal exam amounted to slavery. The complaint continues with vague and confusing

allegations possibly relating to state criminal proceedings against Plaintiff, the relevance of which are unclear.

Plaintiff's complaint does not state any plausible claim for relief. He does not include sufficient *facts* to apprise the court, or the Defendant, of how he claims his rights were violated.

Importantly, Pritchett Eye Care Associates is a private party, and private parties do not generally act under color of state law for purposes of § 1983. *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes), *cert. denied*, 144 S. Ct. 2715 (2024). To be considered a state actor, a private party must meet either: "(1) the public function test, (2) the state compulsion test, (3) the nexus test [or] (4) the joint action test." *Id.* at 1157. "These tests are interrelated, and they are designed to answer the same key question: whether the conduct of a private actor is fairly attributable to the State." *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1109 (9th Cir. 2022). A party may be treated as a state actor where "there is 'pervasive entwinement of public institutions and public officials in [the private actor's] composition and workings,'" or where "government officials have 'exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *O'Handley*, 62 F.4th at 1157. Nothing in the complaint supports a plausible claim that Defendant should be treated as a state actor and, therefore, Plaintiff has failed to state a colorable § 1983 claim.

While the complaint also cites several other federal constitutional, statutory and regulatory provisions as the basis for the court's jurisdiction (ECF No. 1-1 at 3), Plaintiff does not anywhere explain how the Defendant's actions plausibly violated any of these provisions, even assuming Plaintiff otherwise had standing to bring claims thereunder.

For these reasons, Plaintiff's complaint will be dismissed. In an abundance of caution, Plaintiff will be given leave to amend to assert a cognizable claim that may be heard in federal court.

### III. DECLINATION OF MAGISTRATE JUDGE

Plaintiff also filed a document entitled "Decline Magistrate Judge pursuant to State Statute." (ECF No. 1-3.) Plaintiff appears to object to any involvement of the magistrate judge in this action. First, as this is a federal court, state procedural law does not apply – even assuming the statute cited by Plaintiff stood for the proposition he claims. On that basis alone, Plaintiff's objection is without merit. Second,

> under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, "a magistrate judge's jurisdiction over any pretrial nondispositive matters ... is not contingent on litigant consent." *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003). Nor is consent needed before a district court can refer dispositive matters for report and recommendation. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1169 (9th Cir. 2015) ("As to any dispositive matter, the magistrate judge is authorized, absent consent, only to issue a report and recommendation to the district judge ...."); *Active Way Int'l Ltd. v. Smith Elec. Vehicles Corp.*, No. 17-MC-80118-EMC, 2018 WL 551602, at *2 (N.D. Cal. Jan. 25, 2018) ("It is precisely when the parties do not consent to a magistrate judge's jurisdiction that the magistrate judge must prepare a report and recommendation on dispositive motion." (emphasis added))."

*Johnson v. O'Malley*, No. 23-CV-481 JLS (AHG), 2024 WL 3567404, at *2 (S.D. Cal. July 29, 2024). Accordingly, to the extent Plaintiff objects to the undersigned handling any aspect of this case, the objection is without merit.

### IV. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF Nos. 1-1, 1-2).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

5

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: September 2, 2025

_____
Craig S. Denney
United States Magistrate Judge